UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-07940-WLH-JC | Date | December 4, 2025 |
|---|---|---|---|
| Title | *Albert Steve Torres Jr. v. General Motors LLC et al* | | |

| Present: The Honorable | WESLEY L. HSU, United States District Judge |
|---|---|

| Holidae Crawford | None |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
| None | None |

**Proceedings:** **(IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION TO REMAND [15]**

The Court is in receipt of Plaintiff Albert Steve Torres Jr.'s Motion to Remand (the "Motion"). (Mot., Dkt. No. 15). The matter is fully briefed. For the reasons explained herein, the Court **DENIES** the Motion.

I.  **BACKGROUND**

On April 1, 2025, Plaintiff Albert Steve Torres Jr. ("Plaintiff") filed a complaint against Defendant General Motors LLC ("Defendant")[1] alleging violations of California's Song-Beverly Consumer Warranty Act, the federal Magnuson-Moss Warranty Act and the Uniform Commercial Code in the Los Angeles County Superior Court. ("Complaint," Dkt. No. 1-1, Ex. A). This suit arises from Plaintiff's purchase and ownership of the Subject Vehicle, which allegedly manifested defects covered by Defendant's express written warranties. (Compl. at Ex. A ¶ 12). Plaintiff alleges that "[t]hese defects substantially impair[ed] the use, value, and/or safety of Subject Vehicle to Plaintiff." (*Id.*). Plaintiff purchased the Subject Vehicle on or around June 17, 2022. (*Id.* ¶ 9). Defendant allegedly manufactured and/or distributed the Subject Vehicle. (*Id.*).

---

[1] Plaintiff also brought suit against DOES 1-10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Plaintiff alleges that Defendant and/or its authorized service and repair facilities failed to service or repair the Subject Vehicle to conform to the applicable express warranties after a reasonable number of opportunities to do so. (*Id*. ¶ 14). Despite this fact, Defendant allegedly failed to promptly replace the Subject Vehicle or make restitution to Plaintiff as required by Civil Code § 1793.2(d). (*Id*. ¶ 15). Plaintiff alleges that he has been damaged by Defendant's failure to comply with its obligations under Civil Code § 1793.2(d) and therefore brings this cause of action pursuant to Civil Code § 1794. (*Id*. ¶ 16).

Plaintiff seeks a rescission of the purchase contract and restitution of all monies expended on the Subject Vehicle, general, special, incidental and consequential damages, as well as a civil penalty of up to two times the amount of actual damages. (*Id*. at 2). On February 3, 2025, Plaintiff initially filed this civil action against Defendant in the Superior Court of California, County of Los Angeles. ("Notice of Removal," Dkt. No. 1, at 2) ("Notice of Removal"). Plaintiff amended his Complaint on April 1, 2025. (*Id*.). On August 22, 2025, Defendant filed a Notice of Removal of the action to the U.S. District Court for the Central District of California. (*Id*.).

Plaintiff filed this Motion on September 19, 2025, arguing Defendant's removal was untimely. (Mot. at 1-10). On November 14, 2025, Defendant filed an opposition to Plaintiff's Motion. ("Defendant's Opposition to Motion to Remand," Dkt. No. 21). On November 21, 2025, Plaintiff filed a Reply in Support of the Motion to Remand. ("Plaintiff's Reply in Support of Motion to Remand," Dkt. No. 22).

## II.     LEGAL STANDARD

There are three different "deadlines" for removal which might apply to this case. Under 28 U.S.C. § 1446(b), a notice of removal must be filed within thirty days of the defendant's receipt of the initial pleading, or, "if the case stated by the initial pleading is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

not removable," then the notice of removal must be filed within thirty days of the defendant's receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." In other words, "[S]ection 1446(b) identifies two thirty-day periods for removing a case." *Carvalho v. Equifax Information Services, LLC*, 629 F.3d 876, 885 (9th Cir. 2010). "The first thirty-day removal period is triggered 'if the case stated by the initial pleading is removable on its face.'" (*Id.*) (quoting *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 694 (9th Cir. 2005)). "The second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives a copy of an amended pleading, motion, order or other paper from which removability may first be ascertained." (*Id.*) (internal quotation marks omitted). "If the notice of removal was untimely, a plaintiff may move to remand the case back to state court." (*Id.*).

Beyond those two thirty-day removal deadlines, a defendant may remove a case "when it discovers, based on its own investigation, that a case is removable." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013). "But in that last scenario, the defendant has no more than one year from 'the commencement of the action' to file a timely removal notice." *Iniquez v. Ford Motor Co.*, 2025 WL 1042712, at *2 (C.D. Cal. Mar. 21, 2025) (citing 28 U.S.C. § 1446(c)(1)).

A "defendant should not be able to ignore pleadings or other documents from which removability may be ascertained and seek removal only when it becomes strategically advantageous for it to do so." *Roth*, 720 F.3d at 1125. At the same time, "neither should a plaintiff be able to prevent or delay removal by failing to reveal information showing removability and then objecting to removal when the defendant has discovered that information on its own." (*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

### III. DISCUSSION

Plaintiff moves for remand presenting two main arguments. Plaintiff contends that Defendant's Notice of Removal is untimely because Plaintiff's Complaint contained a Federal Cause of Action under the Magnuson-Moss Warranty Act. (Mot. at 1). Further, Plaintiff contends that Defendant failed to carry its burden on removal of establishing that the amount in controversy exceeds $50,000. (*Id*. at 9). By contrast, Defendant asserts that there was no duty to remove because grounds for removal were not apparent from the face of the Complaint. (Opp'n. at 3, 15-16). Thus, the resolution of Plaintiff's Motion turns on whether grounds for removal were sufficiently clear from the Complaint, and, if not, whether Defendant carried its burden on removal to establish subject matter jurisdiction.

For the reasons set forth below, the Court concludes that grounds for removal were not sufficiently clear from the face of the Complaint and that Defendant's Notice of Removal was therefore timely. Neither of the 30-day deadlines for removal were triggered, and Defendant removed the action after its own investigation and less than one year after Plaintiff's filing of the Complaint. (*Id*. at 6). The Court also concludes that Defendant met its burden on removal of establishing subject matter jurisdiction. Therefore, Plaintiff's Motion to Remand is **DENIED**.

    A.    <u>**Amount in Controversy**</u>

        i.    <u>**Timeliness of Removal**</u>

On the central issue of alleged damages, Defendant contends that Plaintiff's Complaint fails to establish the requisite amounts in controversy for either: (1) the $50,000 required for jurisdiction under the Magnuson–Moss Warranty Act or (2) the $75,000 required for diversity jurisdiction under 28 U.S.C. § 1332. (Opp'n at 12, 16). The Court addresses each issue in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

First, Plaintiff argues that Defendant's Notice of Removal is untimely because the Complaint contained a federal cause of action under the Magnuson-Moss Warranty Act. (Mot. at 5-6). The Magnuson–Moss Warranty Act provides that "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief." 15 U.S.C. § 2310(d)(1). The Act provides for federal district court jurisdiction over certain claims. *See* 15 U.S.C. § 2310(d)(1)(B). Actions removed based on the Magnuson-Moss Act do not trigger federal question jurisdiction unless the amount in controversy requirement is met. *Khachatryan v. BMW of N. Am., LLC*, Case No. 2:21-cv-01290-PA (PDx), 2021 WL 927266, at *2 (C.D. Cal. Mar. 10, 2021). The relevant portion of the Magnuson–Moss Warranty Act states, "No claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection . . . (B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit." 15 U.S.C. § 2310(d)(3)(B). Under the Magnuson–Moss Warranty Act, the amount in controversy excludes interests and costs and is "computed on the basis of all claims to be determined in th[e] suit." § 2310(d)(3)(B). "If the amount of controversy is less than $50,000, the plaintiff must instead file its Magnuson-Moss Warranty Act claim in any State or in the District of Columbia." *Guerrero v. Mercedes-Benz USA, LLC*, 2023 WL 4085975, at *1 (C.D. Cal. June 20, 2023); *see also* 15 U.S.C. §§ 2310(d)(1)(A)–(B), 2310(d)(3)(B).

District courts have analyzed the amount in controversy under the Magnuson–Moss Warranty Act using the same principles as diversity jurisdiction. *See Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005) ("There is nothing in the text of the Magnuson-Moss Act that would indicate that the amount in controversy for that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

statute is assessed any differently than the diversity jurisdiction requirement found in 28 U.S.C. § 1332."). Here, the Complaint fails to allege expressly any amount in controversy.

Nevertheless, Plaintiff contends that Defendant could have ascertained that the amount in controversy exceeded the required amount from the face of the Complaint alone. (Mot. at 6). Plaintiff, however, does not—and can not—point to any allegations in the Complaint to show that the amount in controversy can be ascertainable such that the Complaint is "removable on its face." *Harris*, 425 F.3d at 694.

Furthermore, as Defendant correctly notes, Plaintiff's Complaint alleges the make, model, and year of the subject vehicle (Mot. at 7), but does not allege the purchase price, nor any other dollar amounts for statutorily required deductions. The Court cannot speculate as to the *actual* amount in controversy of the Subject Vehicle, a 2022 Chevrolet Silverado, with no other information, such as the actual purchase price and mileage. "Without these facts, the Court is left with considerable doubt as to the amount in controversy." *Chajon v. Ford Motor Company*, 2019 U.S. Dist. LEXIS 4254, at *3, 2019 WL 994019 (C.D. Cal., Jan. 8, 2019) (remanding action to state court); *see also Day v. FCA US LLC*, 2020 WL 3047986, at *2 (C.D. Cal. June 8, 2020) (noting any reduction for the use of the vehicle should be taken into account to determine the amount in controversy).

Second, Defendant argues that the Complaint on its face is "indeterminate" as to the amount in controversy under the Song-Beverly Act, so service of the Complaint did not "start the clock" for removal. (Opp'n at 16). The Song-Beverly Act provides a variety of remedies including actual damages, a civil penalty "not [to] exceed two times the amount of actual damages," and attorney fees. Cal. Civ. Code § 1794(a)–(d). Actual damages are measured by the "amount equal to the purchase price paid by the buyer, less

**CIVIL MINUTES - GENERAL**

that amount directly attributable to use by the buyer prior to the discovery of the nonconformity." Cal. Civ. Code §§ 1793.2(d)(1) and (2).  The Ninth Circuit has explained that "consideration of the [u]se [o]ffset [is] appropriate" in determining the amount in controversy because "an estimate of the amount in controversy must be reduced if a specific rule of law of damages limits the amount of damages recoverable." *Schneider v. Ford Motor Co.*, 756 F. App'x 699, 701 n.3 (9th Cir. 2018) (internal quotation marks and citation omitted); *see also Manukyan v. Mercedez-Benz USA, LLC*, 2024 WL 5440725, at *2 (C.D. Cal. Dec. 10, 2024) (applying *Schneider* outside the CAFA context).  In addition, a plaintiff's recovery under the Song-Beverly Act is limited to the actual amount paid to the seller. *Alvarado v. FCA US, LLC*, 2017 WL 2495495, at *4 (C.D. Cal. June 8, 2017) (calculating actual damages by using "the total cash price paid for the subject vehicle" including "any paid finance charges").

Here, Plaintiff's Complaint provides no information as to the total cash price for the Subject Vehicle or any information from which the mileage use offset can be determined.  Accordingly, "because any estimate of actual damages is uncertain from the face of Plaintiff's Complaint, any estimate of civil penalties is equally uncertain." *Covarrubias v. Ford Motor Co.*, No. 2:25-CV-00328-JLS-MAA, 2025 WL 907544, at *2 (C.D. Cal. Mar. 24, 2025); *see also Leigh v. FCA US LLC*, 2021 WL 4551864, at *3 (C.D. Cal. Oct. 5, 2021).  Without additional information in the operative complaint, the Court finds the amount in controversy—as pleaded—is indeterminate and insufficient to trigger the first 30-day statutory timeline for removal.  The Complaint fails to allege "any information as to the amount actually paid for the vehicle by Plaintiff—i.e., the total cash price paid for a purchased, or monthly payments made on a leased, vehicle" or how the "vehicle's mileage use offset can be determined." *Covarrubias*, 2025 WL 907544, at *3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Thus, General Motor's timeline to remove was not triggered at the time of Plaintiff's service of the Complaint.

Plaintiff also attempts to rely on an "other paper from which it may first be ascertained that the case is one which is or has become removeable" under 28 U.S.C. § 1446(b)(3). Plaintiff argues that "[a]lthough Plaintiff's state court complaint does not allege a specific dollar amount in controversy, it is impossible to believe that Defendant could not ascertain [that] the amount in controversy exceeded $50,000.00 based on the face of the complaint alone." (Mot. at 6). Plaintiff further contends that Defendant had the "ability to ascertain an approximation of the Subject Vehicle's market value as the manufacturer and distributor of the Subject Vehicle." (*Id*. at 7).

Plaintiff's arguments are unpersuasive and unsupported. The clock for both 30-day removal deadlines "begins running upon 'defendant's receipt of a document from the plaintiff or the state court—*not by any action of defendant*.'" *Solis v. Nissan North Amer., Inc.*, No. CV 24-00728-MWF-E, 2024 WL 1311275, at *2 (C.D. Cal. Mar. 27, 2024) (*quoting Franklin v. HealthSource Glob. Staffing, Inc.*, No. 23-CV-0662-AGS-DEB, 2024 WL 1055996, at *2 (S.D. Cal. Mar. 11, 2024)) (emphasis added); *see also Adelpour v. Panda Express, Inc.*, 2010 WL 2384609, at *4 n.7 (C.D. Cal. June 8, 2010) (The "other paper" in Section 1446(b)(3) cannot be one created by defendant; it "must derive from either the voluntary act of the plaintiff ... or other acts or events not the product of the removing defendant's activity."). Plaintiff sets forth no evidence in their Complaint or points to any specific document that provided adequate notice of its ability to remove or when Defendant received such specific document, the event which would trigger the second 30-day removal timeline. While Plaintiff produced a purchase agreement dated June 17, 2022 (the "Purchase Agreement") for the 2022 Chevrolet Silverado (*see* Opp'n, Ex. A), Defendant could not, at that time, ascertain the amount in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

controversy *solely* from the purchase price. *See, e.g.*, *Covarrubias*, 2025 WL 907544, at *3 (identifying "vehicle's mileage use offset" as an issue impacting the amount in controversy). Even if, *arguendo*, General Motors had "sophisticated knowledge of the motor vehicle industry," (Mot. at 7), General Motors is not required to "remove the case within 30 days of its own realization of removability pursuant to an investigation." *Gonzalez v. Nissan N. Am., Inc.*, No. 2:24-CV-01301-WLH-MAR, 2024 WL 2782102, at *3 (C.D. Cal. May 29, 2024)

Rather, a defendant seeking to remove a case "on the basis of its own information" would have a year from the "commencement of the action" to remove. *Iniquez*, 2025 WL 1042712, at *2; *see also Roth*, 720 F.3d at 1125. Because it is currently less than a year since the filing of this case, Defendant's removal was timely.

### ii. Satisfaction of Amounts in Controversy

The removing defendant bears the burden of establishing original jurisdiction. *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002). Plaintiff argues that, even if Defendant's Notice of Removal was timely, Defendant has not established that the amount in controversy exceeds the jurisdictional thresholds. (Mot. at 9). "[S]ince the Magnuson-Moss Act does not specify the appropriate measure and type of damages that are available, courts, including the Ninth Circuit, have turned to the applicable state law to determine which remedies are available under the Act, which of necessity informs the potential amount in controversy.'" *Lopez v. Kia Am., Inc.*, 693 F. Supp. 3d 1063, 1067–68 (C.D. Cal. 2023) (internal citations omitted). As such, the Court is permitted to conduct a combined analysis, because the damages calculation under the underlying, Song-Beverly claim, pursuant to California state law, may be similarly applied to establish the amount in controversy for the Magnuson-Moss Warranty claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

### a) Actual Damages

Actual damages under the Song-Beverly Act are "equal to the actual price paid or payable by the buyer," minus the reduction in value "directly attributable to use by the buyer" Cal. Civ. Code § 1793.2(d)(2)(B)-(C). This reduction, i.e., mileage offset is calculated as follows:

> # of Miles Drive Between Purchase & First Repair Attempt / 120,000 Miles = Use Offset Multiplier
>
> Purchase Price x Use Offset Multiplier / Use Offset Deduction → Purchase Price - Use Offset Deduction / Restitution

*Canesco v. Ford Motor Co.*, 570 F. Supp. 3d 872, 898 (S.D. Cal. 2021).

Under the Song-Beverly Act, actual damages should be reduced by additional statutorily provided offsets, including: (1) the amount "paid or payable for optional equipment, service contracts, or GAP financing purchased by the plaintiff ... from third parties, except for optional purchases for dealer-supplied equipment or services;" (2) "negative equity incorporated in the transaction from prior vehicles;" (3) "[n]oncash credits provided by the manufacturer as a form of down-payment assistance, typically referred to as a manufacturer's rebate;" and (4) "unpaid interest or unpaid financing costs associated with the retail installment sales contract that will not be owed or paid by the consumer when the lien is paid off." *Perez v. Gen. Motors LLC*, 2025 WL 3171905, at *2 (C.D. Cal.); Cal. Civ. Code § 871.27(b)–(d), (f); *see also id.* § 871.20 (indicating that § 871.27 applies to Song-Beverly claims).

Here, the purchase price of the Subject Vehicle was $85,100.72. (*See* Opp'n, Ex. A). The Vehicle had 58 miles before Plaintiff purchased it and 21,930 miles when Plaintiff first delivered the Subject Vehicle to the dealership for repair. (Opp'n at 19; "Declaration of Katya Etemadieh in Support of Defendant's Opposition" ("Etemadieh

Decl."), Dkt. No. 21-1 ¶ 3).  Plaintiff's use of the Subject Vehicle prior to the discovery of this alleged nonconformity was 21,872 miles.  (Opp'n at 19).  Dividing this number by 120,000 and multiplying this by the cash price of the Vehicle—$58,035.00—results in an estimated mileage offset of $10,577.85.  (*Id.*).  Defendant also identified additional offsets totaling $2,338.53.  (*Id.*).  Defendant estimated $0.00 in unpaid financing based on the loan terms in the purchase agreement—an assumption the Court deems reasonable.  Thus, General Motors has set forth evidence that the actual damages at issue is $72,184.34.[2]  (Opp'n at 19-20).

### b) Civil Penalties

Under the Song-Beverly Act, damages may include a civil penalty "which shall not exceed two times the amount of actual damages."  Cal. Civ. Code § 1794(c).  Civil penalties are only available under certain circumstances when either:  (1) the defendant's violation was willful, or (2) the violation concerns a new vehicle under Cal Civ. Code § 1793.2(d)(2), and the manufacturer or representative defendant failed to maintain a qualified third-party dispute resolution process.  Cal Civ. Code §§ 1794(c), 1794(e). District courts are spilt on whether civil penalties should be included in the amount in controversy when a plaintiff's allegations of willful infringement are conclusory.  *See Ferguson v. KIA Motors Am. Inc.*, 2021 WL 1997550, at *3 (E.D. Cal.) ("[d]istrict courts in the Ninth Circuit are split on whether to include Song-Beverly Act civil penalties in calculations to assess the amount in controversy"); *see also Castillo v. FCA USA, LLC*, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019) (remanding where defendant failed to provide any specific argument or evidence for including a civil penalty in the amount in

---

[2] Defendant notes that this number is more precise than the $32,574.98 estimate in the notice of removal.  *See Schneider*, 756 Fed. Appx. at 700-01 (notice of removal only requires plausible estimates of offsets, which may be supplemented with additional evidence on challenge).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

controversy); *Pennon v. Subaru of Am., Inc.*, 2022 WL 2208578, at *2 (C.D. Cal. June 17, 2022) ("The civil penalty under California Civil Code § 1794(c) cannot simply be assumed."); *Lopez*, 693 F. Supp. 3d at 1068 ("District courts regularly find plaintiffs' boilerplate allegations regarding defendants' willfulness are, without more, insufficient to establish that civil penalties of two times actual damages are not speculative and should be included in the amount in controversy."); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002) ("There is good reason to include the Song-Beverly Act's civil penalty of up to two times the amount of actual damages in the amount in controversy."); *Luna v. BMW of N. Am., LLC, 2018 WL 2328365*, at *4 (S.D. Cal.) (including the maximum civil penalty in the amount in controversy); *Lee v. FCA US, LLC*, 2016 WL 11516754, at *2 (C.D. Cal.) (same).

      Here, Defendant argues that "Plaintiff has done more than merely state that he is seeking civil penalties, he specifically alleges willfulness." (Opp'n at 20). Defendant also observes that Plaintiff presented the Subject Vehicle for repair at least nine times. (*Id*.). Notably, Plaintiff does not dispute that he seeks civil penalties of two times the actual damages. (Mot. at 6). Rather, Plaintiff argues that "Defendant has provided no competent evidence of actual damages, any projection of civil penalties is likewise conjectural." (*Id*. at 10). As discussed above, Defendant presents evidence of the amount of actual damages in controversy based on the Purchase Agreement, its review of Plaintiff's repair history and a calculation of statutory offsets. Accordingly, Defendant's estimate of actual damages is not speculative. Because Defendant has demonstrated $72,184.34 in actual damages in controversy and $216,553.02 in total damages including civil penalties in controversy (Opp'n at 20), Defendant has demonstrated by a preponderance of the evidence that the amount in controversy both under the Song-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Beverly claim and the Magnuson-Moss Warranty claim is met for this Court to exercise jurisdiction over this matter.[3]

### IV.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion.

**IT IS SO ORDERED.**

---

[3] Under the Song-Beverly Act, "if the buyer establishes a violation under Cal. Civ. Code §§ 1763.2(d)(2) or 1764, he "shall" recover reasonable attorneys' fees. Cal. Civ. Code §§ 1764(d)-(e)(1). Attorneys' fees, therefore, may be included in the calculation of the amount-in-controversy under Song-Beverly claims. Magnuson-Moss Warranty claims brought in conjunction with Song-Beverly claims also benefit from the same inclusion when calculating amount in controversy. *Shoner v. Carrier Corp.*, 30 F.4th 1144, 1148 (9th Cir. 2022). The Court, however, declines to address the issue of attorneys' fees because the amounts in controversy has been met prior to the inclusion of the attorneys' fees.